UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPORTSFRAGRANCE, INC., a New York corporation,

Plaintiff,

v.

THE PERFUMER'S WORKSHOP INTERNATIONAL, LTD, a New York corporation; PERFUMER'S WORKSHOP, LLC, a New York limited liability company; and THE PERFUMER'S WORKSHOP EXPORT, LTD, a New York corporation,

Defendants.

No. C09-177Z

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), docket no. 25, and Plaintiff's Motion for Fees and Costs Under Fed. R. Civ. P. 4(d) for Failure to Waive Service, docket no. 23. The Court enters the following Order:

## I. BACKGROUND

### A. Parties and Claims

Plaintiff Sportsfragrance, Inc. is a New York corporation with its headquarters in Arizona. Compl., docket no. 1, ¶ 1; Alvord Decl., docket no. 34, ¶ 5. On February 10, 2009,

ORDER - 1

Sportsfragrance sued three New York corporations: (1) The Perfumer's Workshop International, Ltd. ("PWI"), (2) Perfumer's Workshop, LLC ("PW"), and (3) The Perfumer's Workshop Export, Ltd. ("PWE") (collectively "Defendants"). Compl. ¶¶ 3-5. Sportsfragrance alleges that Defendants' use of the mark "ROCK & ROLL" to market perfumes, colognes and scented lotions ("perfume products") infringes on its mark "ROCK 'N ROLL" and constitutes the use of a counterfeit mark. Id. ¶¶ 1, 7, 8, Ex. A. Sportsfragrance seeks damages and an injunction to stop Defendants from using the mark "ROCK & ROLL." Id. at 2-3, ¶¶ A-C.

### B. Pending Motions

Defendants move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(3) for improper venue. Defs.' Mot. to Dismiss, docket no. 25. Sportsfragrance moves for fees and costs under Fed. R. Civ. P. 4(d) for failure to waive service. Pl.'s Mot. Fees and Costs, docket no. 23.

### C. Minimum Contacts

Donald Bauchner is PWI's President. Bauchner Decl., docket no. 25-2, ¶ 1. He and his wife control PWI, PW, and PWE, which are all small, privately held companies. Id. ¶¶ 3-5. Mr. Bauchner states in a declaration that:

> None of [the Defendants] have any employees, registered agents, or offices in the State of Washington. None of the parties are authorized to do business in the State of Washington. None own property in the State of Washington. No Washington taxes have been paid by any of the defendants. No contract or legal obligation has been undertaken with the State of Washington or a Washington resident. The complaint alleges trademark infringement with respect to a perfume product that neither [PWI] nor any of the defendants ha[s] ever directly sold to anyone in the State of Washington or was active in the inducement to sell perfume products in the State of Washington.

Id. ¶ 2.

Sportsfragrance's complaint alleges that Defendants sell the allegedly infringing Samba ROCK & ROLL perfume products through national online retailers:

> Defendant [PWI] is a New York corporation doing business throughout the United States, including Washington State. [PWI], by itself or through the affiliate companies, [PW and PWE], markets a line of perfumes, colognes, and scented lotions under the brand name Samba. Some of the Samba brand's perfumes, colognes, and scented lotions are marketed nationally through various retailers under the name 'ROCK & ROLL' and sold in Washington State and elsewhere. An example of defendants' 'ROCK & ROLL' perfume products as marketed through Target Stores at www.target.com is attached as Exhibit B.

Compl. ¶ 3, Ex. B. For both women's and men's Samba ROCK & ROLL perfume products, the Target website states that "This item is available online, but is not available in stores." Compl., Ex. B at 1-2. Mr. Bauchner, on behalf of Defendant PWI, admits that "[s]ince 2005 PWI has sold Perfume Products under the SAMBA brand with the 'Rock & Roll' tagline . . . to bona fide retailers such as Target, headquartered in Minnesota." Bauchner Decl. ¶ 10.

Other online retailers, in addition to Target, offer for sale PWI's Samba ROCK & ROLL perfume products through their websites. Abrams Decl., docket no. 28, Ex. F1 at 1 (www.perfume.com), Ex. F3 (www.FragranceNet.com) at 4-5, Ex. F4 (www.perfumenthings.com) at 4, Ex. F5 (www.thediscountperfume.com) at 3; Alvord Decl., Ex. A (www.perfumania.com) at 4.[1] There is no evidence in the record of any sales of any of Defendants' perfume products to Washington residents through any websites.

In addition to having a website, Perfumania has seven stores in Washington. Alvord Decl. ¶ 2, Ex. A at 2. Sportsfragrance has submitted a receipt from one of Perfumania's Washington stores showing the sale of two Samba perfume products (but not the allegedly infringing Samba ROCK & ROLL perfume products), totaling $21.70. Id. ¶ 3, Ex. B. PWI admits that it has sold Samba ROCK & ROLL perfume products to Perfumania's parent company, Quality King Fragrance, Inc., 35 Sawgrass Drive, Bellport, NY 11713. Suppl. Bauchner Decl., docket no. 36-2, ¶¶ 4, 8. There is no evidence in the record of any sales of

---

[1] Exhibit F2 attached to the Abrams Declaration is an example of an online retailer selling Samba products, but not the allegedly infringing Samba ROCK & ROLL perfume products.

ORDER - 3

1 the allegedly infringing Samba ROCK & ROLL perfume products in Washington or to a
2 Washington resident.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. Burden on Plaintiff to Make Prima Facie Showing

Defendants move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Sportsfragrance has the burden of establishing the Court's personal jurisdiction over Defendants. See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." Id. "When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Id. (quoting Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). In determining whether Sportsfragrance has made a prima facie case for personal jurisdiction, uncontroverted allegations in Sportsfragrance's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor." Doe, 248 F.3d at 922 (quoting Am. Tel. & Tel. Co. ("AT&T") v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)).

#### 2. Analysis Framework

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." Id. "Second, the exercise of jurisdiction must comport with federal due process." Id. at 1404-05. Because Washington's long-arm statute, RCW 4.28.185, extends jurisdiction to the limit of federal due process, the Court analyzes only the second part of the test. See id. at 1405. Due process requires that a defendant have sufficient "minimum contacts" with the forum state.

Int'l Shoe Corp. v. State of Wash., 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (requiring "purposeful" contacts). The minimum contacts must be such that a defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

"Personal jurisdiction may be general or specific." AT&T, 94 F.3d at 588. Sportsfragrance contends that Defendants are only subject to specific jurisdiction, which "allows a court to adjudicate claims that arise out of the defendant's contacts with the forum." Id.

To be subject to specific jurisdiction:

1) The nonresident defendant must either:

- purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

- perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

2) The claim must be one that arises out of or relates to the defendant's forum-related activities;

3) The exercise of jurisdiction must comport with fair play and substantial justice.

Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989); see also Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991) (substituting "reasonable" standard for "fair play and substantial justice" standard).

### 3. **Perfumer's Workshop and Perfumer's Workshop Export**

Sportsfragrance alleges that all three Defendants market Samba perfume products and that "various retailers" market and sell the allegedly infringing Samba ROCK & ROLL perfume products "in Washington State and elsewhere." Compl. ¶ 3. In its briefing, Sportsfragrance never distinguishes between the three named Defendants. See, e.g., Pl.'s Resp., docket no. 33, at 1:21 ("Defendants' perfumes line the shelves of Washington

ORDER - 5

stores."); id. at 2:17-18 ("Defendants actively market their perfumes to Washington consumers by placing them on store shelves here."); id. at 6:25-7:2 ("Defendants have undisputedly placed their products into the stream of commerce by selling their perfume products in Washington through national online and brick and mortar retailers. If they know they are selling through Target and Perfumania, they must know that those companies have stores in Washington.").

Defendants clarify the distinct roles of the three named defendants, as follows:

> Of the three defendants, only [PWI] sells the SAMBA branded fragrance product in the United States, including SAMBA Rock & Roll eau de toilette. One of the Defendants, [PW], does not have anything to do with the SAMBA branded line of fragrance products, including use of SAMBA Rock & Roll fragrance here, in the U.S., or anywhere. Another of the Defendants, [PWE], only sells the SAMBA branded fragrance line in export, but has never sold the SAMBA Rock & Roll fragrance.

Suppl. Bauchner Decl. ¶ 2; id. ¶ 5 (PW and PWE "have never at any time sold the SAMBA branded product at issue in this suit").

Because PW and PWE have never sold the allegedly infringing Samba ROCK & ROLL perfume products at all, let alone to Washington consumers, Sportsfragrance has failed to establish that the Court has specific jurisdiction over PW and PWE.

### 4. **Perfumer's Workshop International**

#### a. **Purposeful Direction or Purposeful Availment**

Under the first prong of the three-part specific jurisdiction test, Sportsfragrance must establish that PWI either purposefully directed its activities toward Washington or purposefully availed itself of the privilege of conducting activities in Washington. Purposeful direction and purposeful availment are "distinct concepts." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "A purposeful availment analysis is most often used in suits sounding in contract," whereas "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." Id. Although Sportsfragrance asserts that "the commission of trademark infringement is a type of tort," Pl.'s Resp. at 3,

ORDER - 6

Sportsfragrance does not argue that PWI purposefully directed its activities toward Washington.

"Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Shute, 897 F.2d at 381. A defendant should not be "haled into court as the result of random, fortuitous or attenuated contacts, or on account of the unilateral activities of third parties." Id.; Brainerd, 873 F.2d at 1259.

PWI "does not directly sell any of its products to any stores in the State of Washington." Bauchner Decl. ¶ 3. Instead of arguing direct sales, Sportsfragrance argues that PWI has purposefully availed itself of the privilege of conducting business in Washington by delivering perfume products into the stream of commerce with the expectation that Washington consumers will purchase them. Sportsfragrance relies on a series of "stream of commerce" cases to support its purposeful availment argument.

First, Sportsfragrance relies on a patent infringement case in which the Federal Circuit held that the district court in Virginia had personal jurisdiction over a Chinese/Taiwanese manufacturer and a New Jersey distributor of a fan. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1560, 1572 (Fed. Cir. 1994). Although the defendants in Beverly Hills Fan had not *directly* sold or shipped the accused fan to anyone in Virginia, the plaintiff's allegations that defendants sold the accused fan to customers in Virginia *through intermediaries* were uncontroverted. Id. at 1563-64. In support of their allegations, the plaintiffs in Beverly Hills Fan submitted two affidavits of a private investigator who had purchased the accused fan from a Builder's Square outlet store in Virginia. Id. at 1560. In addition to this actual sale, the private investigator's affidavits established that Builder's Square had six stores throughout Virginia, and that fifty-two of the accused fans were available for sale at these stores in Virginia. Id. at 1560-61. The Court's specific jurisdiction

holding was based on the finding that defendants shipped the fan into Virginia through an "established distribution channel." Id. at 1565.

In some ways, Beverly Hills Fan supports Sportsfragrance's purposeful availment argument, but in other ways, it undermines it. On the one hand, like the plaintiff's "sold through intermediaries" allegation in Beverly Hills Fan, Sportsfragrance makes an uncontroverted allegation in its complaint that allegedly infringing Samba ROCK & ROLL perfume products are "marketed nationally through various retailers," and "sold in Washington State." Compl. ¶ 3. As noted above, Sportsfragrance's uncontroverted allegations must be taken as true for purposes of determining jurisdiction if there is no evidentiary hearing. See also Beverly Hills Fan, 21 F.3d at 1563. On the other hand, the plaintiffs in Beverly Hills Fan had evidence of stores in Virginia selling the accused product, whereas Sportsfragrance has no evidence of any stores in Washington selling the accused product, and no evidence of any online sales to Washington residents. Sportsfragrance merely has evidence of third party retailer websites, which are accessible to Washington residents, offering for sale the accused product.

Sportsfragrance also relies on three stream of commerce cases from the Western District of Washington. Star Asia U.S.A., LLC v. Great Neck Saw Mfrs., Inc., C05-505Z, docket no. 22, 2005 WL 1950297 (W.D. Wash. Aug. 12, 2005); Amazon.com, Inc. v. Webovation, Inc., C00-1173C, docket no. 42 (W.D. Wash. Nov. 2, 2000); Brewer v. Dodson Aviation, C04-2189Z, 2006 WL 2252835 at *1 (W.D. Wash. Aug. 3, 2006). Sportsfragrance has selectively quoted from these cases without a complete discussion of the relevant findings. For example, while it is true that the Court in Star Asia noted that the Defendant placed its product into the stream of commerce, the Court acknowledged that four justices of the U.S. Supreme Court take the position that "the placement of a product in the stream of commerce, without more, is ***not*** purposefully directed activity." Order, docket no. 22, at 4:17-18 (emphasis added); see Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112,

ORDER - 8

117 (1987). The Court in Star Asia found other contacts with the forum besides the placement of a product in the stream of commerce. Order at 5:1-21 (finding that "there are substantial sales of the Defendant's product in Washington;" "the Defendant sent two cease and desist letters to a Washington resident;" "the Defendant uses trade representatives in Washington to solicit sales;" and "the Defendant maintains an active internet site."). Star Asia fails to support Sportsfragrance's sole reliance on a stream of commerce theory to satisfy the purposeful availment prong of specific jurisdiction.

In Amazon.com, there were two undisputed sales through the defendant's own website, totaling $89.20, to Washington residents. The Court exercised jurisdiction over an out-of-state defendant based not only on these sales, but also on the defendant's posting of an "amazongifts.com" website in full knowledge of the website of Washington resident, Amazon.com. Order, docket no. 42, at 1, 3-4 (applying "effects test" of Calder v. Jones, 465 U.S. 783 (1984)). Amazon.com is not a stream of commerce case.

In Brewer, a products liability case, a North Carolina-based defendant not only placed the air pump that allegedly caused the accident into the stream of commerce by selling it in Arizona, but also availed itself of Washington's markets by advertising nationally, by providing customer service to Washington residents, by having an interactive website, and by directly selling similar air pumps in Washington. Order, docket no. 135, at 7. In Brewer, as in Star Asia, there was "something more" than a stream of commerce theory to provide the basis for the Court's jurisdiction.

PWI fails to address any of the stream of commerce cases. Instead, in Defendants' opening motion, PWI argues that the acts of third parties (i.e., Target) cannot form the basis for personal jurisdiction. PWI relies solely on Brainerd, 873 F.2d at 1259, in which the Ninth Circuit states that personal jurisdiction cannot be based upon "the unilateral activities of . . . third parties." Brainerd is of limited application here because the personal jurisdiction

holding was not based on a rationale involving third party activities.[2] In Defendants' reply, PWI cites several "website" cases, in which the courts discuss a defendant's interactive website as a basis for personal jurisdiction. See Chloe v. Queen Bee of Beverly Hills, LLC, 571 F.Supp.2d 518 (S.D.N.Y. 2008); Millennium Enters., Inc. v. Millennium Music, LP, 33 F.Supp.2d 907 (D. Or. 1999). Because Sportsfragrance neither alleges nor provides any evidence that PWI operates an interactive website, or somehow controls the third party retailers' websites, these cases do not apply to the present case.[3]

For purposes of determining personal jurisdiction, the Court finds that PWI placed the allegedly infringing Samba ROCK & ROLL perfume products into the stream of commerce by selling it to Minnesota-based Target and New York-based Quality King Fragrance, Inc. However, even though it may have been foreseeable that these third parties retailers would, in turn, market and sell the product elsewhere in the country, and perhaps in Washington, foreseeability alone is an insufficient basis for the Court to exercise personal jurisdiction over PWI. See Millenium Enters., 33 F.Supp.2d at 921 ("[I]t is well-established that foreseeability alone cannot serve as the constitutional benchmark for personal jurisdiction."). It is a *defendant's* conduct and the connection with the forum state that are crucial to the personal jurisdiction analysis. Id. (citing World-Wide Volkswagen, 444 U.S. at 297). Thus, even if the Court accepts as true Sportsfragrance's uncontroverted allegation that retailers sold the allegedly infringing Samba ROCK & ROLL perfume products in Washington,

---

[2] Brainerd is also of limited application because, first, the Brainerd Court applies a purposeful direction, not a purposeful availment, analysis, and, second, the Brainerd defendants, who were university officials, were not involved in any commercial enterprise in the forum state.

[3] Even if the Court were to consider these "website" cases, it is clear that courts require "something more" than a defendant's own interactive website to establish purposeful availment. There needs to be some evidence that a forum's residents were specifically targeted or sales to a forum's residents were consummated. See Chloe, 571 F.Supp.2d at 527-30; Millennium Enters., 33 F.Supp.2d at 913-20.

ORDER - 10

Compl. ¶ 3, despite the lack of evidence in support of such an allegation, that fact does not go to *PWI's* activities in Washington. Sportsfragrance has failed to make a prima facie showing of purposeful availment as to PWI.

### b. Claim Arises Out of Forum-Related Activities

In the absence of any forum-related activities by PWI, as discussed above in the Court's purposeful availment analysis, there can be no claim arising out of PWI's forum related activities. Accordingly, Sportsfragrance has failed to satisfy the second "arising out of" prong of the specific jurisdiction test.

The Court briefly addresses the $21.70 worth of perfume products sold to a Washington resident at Perfumania on April 15, 2009. Alvord Decl., Ex. B. Because this sale did not include the allegedly infringing Samba ROCK & ROLL perfume products, Sportsfragrance's trademark claims cannot be deemed to have arisen out of that sale. Moreover, even if the products had been the allegedly infringing Samba ROCK & ROLL perfume products, no trademark claim could have arisen out of that transaction because the customer named on the receipt, Maria Alvord, has the same last name as Plaintiff's counsel, Chase Alvord, and presumably the sale was an orchestrated one. See Millenium, 33 F.Supp.2d at 911 (no likelihood of confusion created where customer in orchestrated sale knew defendants were not associated in any way with plaintiff).

### c. Fair Play and Substantial Justice/Reasonableness

The Ninth Circuit has outlined seven factors to consider in determining reasonableness: (1) the extent of purposeful interjection, (2) the burden on the defendant to defend the suit in the chosen forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

The first "purposeful interjection" factor favors PWI because the extent of its purposeful interjection is weak, to the extent it exists at all. The second "burden" factor favors PWI because PWI would be forced to defend itself 3,000 miles from its base of operations. Even though Sportsfragrance has offered to travel to New York to depose witnesses and conduct discovery there, PWI and its witnesses would still need to travel to Seattle for trial. The third "sovereignty" factor is neutral, as conceded by PWI. The fourth "forum state's interest" factor is neutral because Washington's interest is no greater than any other jurisdiction, and Sportsfragrance admits as much. Pl.'s Resp. at 10:5. The fifth "efficient forum" factor favors PWI because there are no witnesses in this district; the witnesses would likely come from New York, Arizona, and Minnesota (where Target is headquartered). Sportsfragrance's offer to have its Arizona-based CEO travel to Seattle to be deposed does not make Washington an efficient forum as compared to New York. The sixth "plaintiff's interest" factor does not strongly favor Sportsfragrance because Sportsfragrance chose Washington merely based on the location of its counsel. Pl.'s Resp. at 11. The seventh "alternative forum" factor favors PWI because New York and Arizona are alternative forums. These factors overwhelmingly favor PWI.

Even if the Court were to conclude that PWI purposefully availed itself of the Washington forum by selling the allegedly infringing Samba ROCK & ROLL perfume products to national retailers and that Sportsfragrance's trademark claims arise out of the retailers' alleged sales of the infringing products to Washington consumers, it would be unreasonable to hale PWI into Washington to defend itself.

### d. Conclusion Re: Specific Jurisdiction

The Court GRANTS Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, docket no. 25.

//

//

ORDER - 12

### B.     Defendants' Motion to Dismiss for Improper Venue

In the alternative, Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  The general federal venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Defendants argue – and Sportsfragrance does not rebut the argument – that sections (1) and (3) do not apply because no defendant resides or may be found in Washington.  Bauchner Decl. ¶¶ 2-5.  The Court finds that section (2) does not apply because there is no evidence or allegation that a substantial part of the events giving rise to the claims occurred in this judicial district.  This forum has no greater interest in adjudicating this dispute than any other forum.  The witnesses and evidence related to the parties' respective marks are likely located in New York and Arizona, where the parties are headquartered.

In the alternative to the Court's granting of Defendants' motion to dismiss for lack of personal jurisdiction, the Court GRANTS Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, docket no. 25.

### C.     Other Requests for Relief by Defendants

In light of the Court's dismissal for lack of personal jurisdiction and improper venue, the Court does not reach Defendants' alternative argument to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  Defs.' Mot. at 17-19.  Nor does the Court reach Defendants' request for costs and attorneys' fees pursuant to RCW 4.28.185(5).  Defs.' Mot. at 20 n.9.  The Court ORDERS Defendants to file any motion for costs and fees pursuant to RCW 4.28.185(5) within ten days of the entry of this Order.

### D. **Plaintiff's Motion for Fees and Costs Under Fed. R. Civ. P. 4(d) for Failure to Waive Service**

A defendant who fails to waive service without good cause is subject to reasonable fees and costs. Fed. R. Civ. P. 4(d)(2). "Waiving service of a summons does not waive any objection to personal jurisdiction or to venue." Fed. R. Civ. P. 4(d)(5). Defendants failed to waive service without good cause. Notwithstanding Defendants' failure, the Court declines to award Sportsfragrance fees and costs because the Court lacks personal jurisdiction over Defendants. An order to pay costs is, in effect, a judgment against a person, and a judgment against a person over whom a court does not have *in personam* jurisdiction violates due process and is constitutionally void. Crocker Nat'l Bank v. Fox & Co., 103 F.R.D. 388, 392 n.7 (S.D.N.Y. 1984) (citing World-Wide Volkswagen, 444 U.S. at 291); see also Stonehill v. Hawley, No. 07-1815, 2008 WL 163698, at *4 (D.N.J. Jan. 14, 2008). Accordingly, the Court DENIES Plaintiff's Motion for Fees and Costs Under Fed. R. Civ. P. 4(d) for Failure to Waive Service, docket no. 23.

## III. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), docket no. 25. Accordingly, the Court DISMISSES without prejudice all claims against Defendants PW, PWE and PWI.

The Court DENIES Plaintiff's Motion for Fees and Costs Under Fed. R. Civ. P. 4(d) for Failure to Waive Service, docket no. 23.

IT IS SO ORDERED.

DATED this 15th day of May, 2009.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge