UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPORTSFRAGRANCE, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PERFUMER'S WORKSHOP INTERNATIONAL, LTD, a New York corporation; PERFUMER'S WORKSHOP, LLC, a New York limited liability company; and THE PERFUMER'S WORKSHOP EXPORT, LTD, a New York corporation,<br><br>Defendants. | No. C09-177Z<br><br>ORDER |

This matter comes before the Court on Defendants' Motion for Attorneys' Fees, docket no. 40. Having considered the pleadings and declarations filed in support of and in opposition to the motion, the Court enters the following Order.

## I. BACKGROUND

On February 10, 2009, Sportsfragrance, Inc., a New York corporation, filed suit against three New-York corporations, The Perfumer's Workshop International, Ltd. ("PWI"), Perfumer's Workshop, LLC ("PW"), and the Perfumer's Workshop Export, Ltd. ("PWE") (collectively "Defendants"). Sportsfragrance alleged that Defendants' use of the mark "ROCK & ROLL" to market perfumes infringed on Sportsfragrance's mark "ROCK 'N

ORDER - 1

ROLL." On May 15, 2009, the Court entered an Order granting Defendants' Motion to Dismiss and dismissing without prejudice the case for lack of personal jurisdiction and, in the alternative, for improper venue. Order, docket no. 38. Judgment was entered in accordance with the dismissal order. Judgment, docket no. 39.

## II. DISCUSSION

Defendants now move for $27,400.68 of attorneys' fees pursuant to the fee-shifting provision of Washington's long-arm statute, RCW 4.28.185(5). Washington's long-arm statute provides the Court with discretion to award attorneys' fees to the prevailing party: "In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there *may* be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees." RCW 4.28.185(5) (emphasis added). A foreign defendant who prevails in an action on the basis that the court lacked personal jurisdiction over the defendant may seek fees under the statute. Scott Fetzer Co. v. Weeks ("Fetzer I"), 114 Wn.2d 109, 111, 124 (1990) (holding that RCW 4.28.185(5) "authorizes an award of attorney fees when a foreign defendant prevails on jurisdictional grounds"); CTVC of Haw., Co. v. Shinawatra, 82 Wn. App. 699, 722 (1996) (allowing an award of "reasonable attorney fees to a foreign defendant who prevails in an action on the basis that the court lacked personal jurisdiction under the long-arm statute"); In re Marriage of Yocum, 73 Wn. App. 699, 707 (1994) (holding that defendant "is entitled to recoup the amount that reasonably should have been incurred in presenting the jurisdictional defense").

Sportsfragrance argues that the Court should not exercise its discretion and award fees unless the Court finds that the suit was frivolous and brought to harass Defendants. In support of its argument, Sportsfragrance relies on State v. O'Connell, a 1974 Washington Supreme Court case that was abrogated by Fetzer I. See State v. O'Connell, 84 Wn.2d 602 (1974). In Fetzer I, the Washington Supreme Court stated that "[o]ne obvious purpose of the

long-arm statute's fees provision is to compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction," and, in a footnote, stated that "[a]nother [purpose] is to deter plaintiffs from invoking long-arm jurisdiction as means to harass foreign defendants." 114 Wn.2d at 122 n.6. A finding of harassment, therefore, while supportive of a fees award, is not a prerequisite to a fee award.

The Court awards fees to compensate Defendants for the added expense caused them by Sportsfragrance's assertions of long-arm jurisdiction.[1] The Court must next determine the reasonableness of Defendants' fee request. In assessing the reasonableness of a fee request under the long-arm statute, the Washington Supreme Court emphasizes the "desire to limit fees to only those necessary to prevail on the jurisdictional motion." Scott Fetzer Co. v. Weeks ("Fetzer II"), 122 Wn.2d 141, 149 (1993). To fulfill this goal, the Court has "adopted the lodestar approach to fee calculation under RCW 4.28.185(5)." Id. "A lodestar award is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter." Id. at 149-50. "In adjudging 'reasonable hours' under the long-arm statute, courts should attempt to determine the amount of time that it would take a competent practitioner to recognize the jurisdictional issue, research the relevant law, discover the pertinent facts, and then prepare, file and prevail upon a CR 12(b)(2) motion." Id. at 151. Courts must take care not to award fees beyond those incurred in the jurisdictional motion in order to "balance[] the dual purposes of recompensing an out-of-state defendant for its reasonable efforts while also encouraging the full exercise of state jurisdiction." Id. at 149.

---

[1] There is insufficient evidence before the Court to support a finding of harassment. Sportsfragrance asserts that it wanted to sue in this forum because its counsel is located in Seattle. Considering the location of one's counsel when filing suit is defensible if a plaintiff has a reasonable basis to assert personal jurisdiction and venue in a forum. In the present case, it was not frivolous for Sportsfragrance to have argued that the Court had personal jurisdiction over Defendants. The exact contours of the stream of commerce theory are unsettled in the case law of the United States Supreme Court and the Ninth Circuit, and in particular with reference to internet-based jurisdiction.

ORDER - 3

Defendants seek attorneys' fees in the total amount of $27,400.68. Petrich Decl., docket no. 40-2, Ex. A. Defendants are seeking reimbursement at the following rates: (1) $375 per hour for Kathleen Petrich, a shareholder at Graham & Dunn PC and lawyer since 1992, (2) $365 per hour for Michael G. Atkins, a shareholder at Graham & Dunn PC and lawyer since 1996, (3) $205 per hour for Daniel J. Oates, an associate and lawyer since 2007, and (4) $120 and $60 for non-attorneys, including a librarian. Defendants' rates are reasonable.

The central question here is whether the claimed hours are reasonable. As Sportsfragrance points out, Defendants' request encompasses fees for much more than the jurisdictional motion. First, the Court reduces the award by $3,860.00 in fees for time spent between April 1, 2009 and April 13, 2009 in defending against Plaintiff's motion for fees for failure to waive service – a motion for which *Sportsfragrance* would have received its fees had it not been for the Court's lack of jurisdiction over Defendants. Second, the Court reduces the award by $112.50 for time spent on an offer of settlement, $2,013.68 for time spent on dispositive motions (none of which were ever filed), $487.50 for time spent on Rule 26, and $945.00 for time spent on the preliminary injunction motion. Most or all of this work can be used by Defendants in another jurisdiction. See Fetzer II, 122 Wn.2d at 151 n.6 ("[I]t is . . . appropriate for the court to discount any work which could be used in ancillary or parallel litigation."). Moreover, the Court does not fault Sportsfragrance for moving for a preliminary injunction at the early stage of litigation, where the timeliness of the filing of the motion is an issue upon the Court's review of the motion. Third, the Court reduces the award by $2,992.50 in fees for time spent for "conferences," "librarian assistance:research," "review filings," and similar entries that are too vague to decipher whether they represent time spent in bringing the jurisdictional motion. See id. at 151 ("The burden of proving the reasonableness of the fees requested is upon the fee applicant."). Fourth, the Court reduces the award by $75.00 in fees for time spent filing a notice of appearance. With reference to

ORDER - 4

these categories, the Court reduces Defendants' fee request by a total of $10,486.18, yielding a remaining fee request of $16,914.50.

Sportsfragrance argues that there should be a further reduction for $1,309.50 in fees for time spent on the present motion for attorneys' fees. Washington courts have awarded fees under RCW 4.28.185(5) for time spent on the fee request. See <u>Hewitt v. Hewitt</u>, 78 Wn. App. 447, 457 (1995). The Court declines to reduce the fee request on this basis.

Sportsfragrance argues that there should be a further fifty percent reduction in fees to account for the fact that the motion to dismiss was based on jurisdictional and venue grounds. Defendants argue that fees for a motion to dismiss based on both personal jurisdiction and venue can be awarded. See <u>Voicelink Data Servs., Inc. v. Datapulse, Inc.</u>, 86 Wn. App. 613, 627 (1997). The Court exercises its discretion to reduce Defendants' remaining fee request of $16,914.50 by twenty-five percent (i.e., $4,228.62) to represent the effort expended on the venue issue relative to the jurisdiction issue. Accordingly, the Court awards Defendants $12,685.88 in fees under RCW 4.28.185(5).

## III. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Attorneys' Fees, docket no. 40, and awards Defendants a substantial portion of their requested attorneys' fees. The Court ORDERS Plaintiff to pay Defendants $12,685.88 in attorneys' fees within ten (10) days of the entry of this Order.

IT IS SO ORDERED.

DATED this 30th day of June, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 5